UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,           :
                                    :
                                    :
                                    :   08 Cr. 363 (BSJ)
            v.                      :
                                    :   **MEMORANDUM ORDER**
ROBERT GONZALEZ,                    :
KHALIL WILLIAMS,                    :
RASHEEM RICHARDSON,                 :
                                    :
            Defendants.             :
                                    :
------------------------------x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED:** 6/24/09

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

The Government seeks to introduce evidence at trial,
pursuant to Federal Rule of Evidence 404(b), concerning
defendants Robert Gonzalez's and Khalil Williams' prior arrests
and convictions.  Defendants request that the Court bifurcate
trial of Counts Five and Six of the Indictment.  For the reasons
that follow, the Court DENIES the Government's application and
GRANTS Defendants' request for bifurcation.

## BACKGROUND[1]

Counts One through Three of the Indictment charge all
defendants with, respectively, conspiring to commit a Hobbs Act
robbery, attempting to commit a Hobbs Act robbery, and using,
carrying and possessing a firearm during, in relation to and in
furtherance of the Hobbs Act robbery conspiracy charged in Count

---

[1] The Court presumes familiarity with the relevant facts, which are largely
set forth in a March 2, 2009 Opinion and Order.  It adds to those facts only
where necessary to decide the instant motions.

1

One, in violation of 18 U.S.C. §§ 1951 and 924.  Count Four
charges Gonzalez with distributing and possessing with intent to
distribute crack cocaine, in violation of 21 U.S.C. §§ 812 and
841 and 18 U.S.C. § 2.  Counts Five and Six charge Williams and
Gonzalez, respectively, with the unlawful possession of a
firearm subsequent to a conviction for a felony offense, in
violation of 18 U.S.C. § 922(g).

## DISCUSSION

## I. The Government's Application to Introduce Rule 404(b) Evidence

Proof of uncharged crimes or bad acts "is not admissible to
prove the character of a person in order to show action in
conformity therewith."  FED. R. EVID. 404(b).  Nevertheless, such
other-crime evidence is admissible for any other relevant
purpose, "such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or
accident," id., provided that the probative value of this
relevant purpose is not substantially outweighed by the danger
of unfair prejudice, see FED. R. EVID. 403; see also Huddleston v.
United States, 485 U.S. 681, 691-92, (1988).  The Second Circuit
embraces an "inclusionary approach" to Rule 404(b) evidence "and
allows such evidence for any purpose other than to show a
defendant's criminal propensity."  United States v. Paulino, 445
F.3d 211, 223 (2d Cir. 2006) (citing United States v. Pitre, 960
F.2d 1112, 1118-19 (2d Cir. 1992)).  However, "it is an abuse of

discretion for the trial court to admit other-act evidence 'if the other act or acts are not sufficiently similar to the conduct at issue.'" United States v. Gordon, 987 F.2d 902, 909 (2d Cir. 1993) (citing United States v. Afjehei, 869 F.2d 670, 674 (2d Cir. 1989).

**a. Evidence Relating to Gonzalez's Prior Acts**

To prove the offense charged in Count Four, the Government must establish that Gonzalez knowingly possessed cocaine base with an intent to distribute it.  In order to do so, and pursuant to Rule 404(b), the Government seeks to introduce evidence relating to his February 12, 1990 arrest and subsequent conviction for criminal possession of a controlled substance; his March 14, 1990 arrest and subsequent conviction for attempted criminal sale of a controlled substance; and his April 12, 1995 arrest for criminal sale of a controlled substance and assault, and his subsequent conviction for criminal sale of a controlled substance.

Courts may admit evidence of prior acts to demonstrate knowledge and intent.  See FED. R. EVID. 404(b).  Based on his counsel's representations at a pre-trial conference and during his opening statement, Gonzalez intends to place his intent squarely in issue by contending that he lacked any intent to distribute the crack cocaine that was found on his person.  In

3

this light, the Government intends to offer evidence relating to his prior convictions and arrest for a proper purpose.

The Government has not, however, sufficiently established the relevance of that evidence to the instant charge. "The government must identify a similarity or connection between the two acts that makes the prior act relevant" to the purpose for which it is offered. United States v. Garcia, 291 F.3d 127, 137 (2d Cir. 2002) (finding reversible error in district court's admission of a prior drug conviction as relevant to knowledge and intent with regard to charged drug offense). To that end, "[t]he probative value of the proffered evidence depends largely on whether or not there is a close parallel between the crime charged and the acts shown." Gordon, 987 F.2d at 908 (reversing conviction for conspiring to import cocaine, importing cocaine, and possession of cocaine with intent to distribute where district court abused its discretion in admitting evidence that defendant possessed crack cocaine and a scale sixteen months earlier).

Such a parallel is absent in this case. On February 12, 1990, Gonzalez was arrested and found in possession of approximately thirty-two vials of crack cocaine after police observed him selling narcotics. On March 14, 1990 he was arrested after he sold three vials of crack cocaine to an undercover police officer. On April 12, 1995, he sold five

4

vials of crack cocaine to an undercover police officer, and police recovered eleven additional vials of crack cocaine from Gonzalez's front coat pocket upon his arrest.

Here, by contrast, Gonzalez was the subject of a robbery investigation; he was arrested in front of an electronics store, for the conduct that gave rise to his current charges of robbery conspiracy and attempted robbery. After that arrest, Gonzalez was taken to the Fortieth Precinct, where police conducted a strip search that produced twenty-three bags of crack cocaine, which were found in a plastic bag protruding from Gonzalez's buttocks. There is nothing additional in the record to suggest any similarity or connection between Gonzalez's prior and charged acts beyond his possession of varying amounts (in varied containers) of crack cocaine.[2]

Further, "the length of time between the events . . . detract[s] from any potential probative value" of the prior acts. Garcia, 291 F.3d at 138; see also Gordon, 987 F.2d at 909; United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994) (highlighting Gordon's reliance, in excluding evidence of a

---

[2] Garcia is instructive in that it emphasized the dissimilarity between drug transactions that occurred twelve years apart and involved substantially different quantities, declaring, "the only similarity between the two drug transactions, which twelve years separated, is that both involved cocaine." Garcia, 291 F.3d at 138; see also United States v. Tubol, 191 F.3d 88, 96 (finding district court's decision to admit a prior act erroneous where there was "no proof that the hoax bomb and the Israeli bomb shared any characteristics beyond the word 'bomb' or that [the defendant] used them in similar ways").

prior act evidence, on the fact that that prior act "had occurred some sixteen months before the events at issue"). The prior and charged acts at issue in Garcia were separated by twelve years; in Gordon, they were separated by sixteen months. Here, that temporal gap stretches from thirteen to eighteen years and further weakens the relevance of Gonzalez's prior acts with regard to Count Four of the Indictment.

In view of the dissimilarity and length of time between Gonzalez's prior and charged acts, the Court DENIES the Government's application to introduce evidence relating to Gonzalez's prior convictions and arrests.

### b. Evidence Relating to Williams' Prior Acts

To prove the offenses charged in Counts One and Two, the Government must establish that the defendants (1) knowingly and willfully associated themselves with, and joined in, an agreement to commit a robbery, and (2) took a substantial step to bring about that robbery. To prove the offense charged in Count Three, the Government must prove that the defendants knowingly used or carried a firearm during and in relation to the commission of robbery conspiracy, or possessed a firearm in furtherance of that robbery conspiracy. In order to do so with respect to Williams, and pursuant to Rule 404(b), the Government seeks to introduce evidence relating to his May 18, 1995 arrest for robbery and firearms offenses and subsequent conviction for

6

criminal possession of a weapon; and his June 30, 1995 arrest for robbery and firearms offenses and subsequent conviction for robbery in the first degree.

As with Gonzalez's prior acts, the Government offers this evidence for a proper purpose: to demonstrate Williams' knowledge or intent to commit a robbery and to possess a firearm, as well as the lack of mistake or accident and his opportunity to access a firearm. And, "it seems clear that [Williams] will contest his knowing participation in the robbery offenses and his knowing possession of a firearm - and will ma[k]e an 'innocent presence' defense." (Govt. Br., at 12.) It does not necessarily follow, however, that evidence of Williams' prior involvement in robberies with firearms bears upon the disputed issues of Williams' knowledge and intent to commit the charged armed robbery and the charged possession of a firearm. As with Gonzalez's prior acts, the Government has not established the relevance of Williams' prior acts to his charged conduct.

The dissimilarity between Williams' prior and charged conduct is pronounced. On May 18, 2005, Williams used a gun to rob a person on the street of personal effects; he was arrested with the gun later that day, and ultimately pleaded guilty. On June 30, 1995, Williams was arrested for his May 12, 1995 robbery of a grocery store at gunpoint; he later pleaded guilty.

Here, by contrast, Williams was a passenger in the Honda Accord involved in an alleged plan to rob an electronics store on March 25, 2008. Williams never left the Accord; he was arrested upon his removal from its front passenger seat, where, the Government intends to prove, police found him with a roll of duct tape and a pair of latex gloves. Later that night, police officers transported the Accord to the Manhattan South Narcotics Unit, where the vehicle was fully searched at approximately 11:30 PM. This search produced an inoperable starter pistol and a loaded .45 caliber Taurus semi-automatic pistol which were found underneath a mat beneath the driver's seat and gave rise to Counts Three, Five and Six of the instant Indictment.

By contrast to his 1995 robberies, on March 25, 2008, neither Williams nor his co-defendants confronted anyone with a gun; nor did Williams have a gun on his person. Beyond the common category of crime, the prior conduct is quite different from the charged conduct. Moreover, as with Gonzalez, the passage of thirteen years between Williams' prior and charged conduct weakens that connection and diminishes the probative value of the prior acts. Additionally, in Williams' case that probative value is substantially outweighed by the risk of unfair prejudice that would inhere to the admission of the Government's proffered evidence, some of which concerns unrelated crimes and robberies involving physical violence.

8

Accordingly, the Court DENIES the Government's application
to introduce evidence relating to those prior acts at trial.

## II.  **Defendants' Request for Bifurcation**

In order to avoid any prejudice that would attach to the
admission of Williams' and Gonzalez's prior convictions,
defendants have moved to bifurcate the trial of Counts Five and
Six, the felon-in-possession charges against Williams and
Gonzalez, respectively.  "Courts have held that joinder of an
ex-felon count with other charges requires either severance,
bifurcation, or some other effective ameliorative procedure."
United States v. Jones (reversing because "the evidence that
Jones is a felon was of the inflammatory sort that may have
swayed the jury to convict him of the other charges even if the
evidence had not supported those charges").  The Government does
not oppose this motion.  The Court accordingly GRANTS
defendants' motion and bifurcates the trial of Counts Five and
Six.

### CONCLUSION

For the foregoing reasons, the Court DENIES the
Government's application to introduce evidence at trial relating
to Gonzalez's and Williams' prior arrests and convictions and
GRANTS defendants' motion for bifurcation of Counts Five and
Six.

9

SO ORDERED:

_____

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:      New York, New York
            June 17, 2009